UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

INTRA-LOCK INTERNATIONAL, INC., a Florida corporation,

    Plaintiff,

vs.

JOSEPH CHOUKROUN, an individual, PROCESS FOR PRF, SARL, a French Société à responsabilité limitée, BOCA DENTAL SUPPLY, LLC, a Florida Limited Liability Company, BLUE SKY BIO, LLC, an Illinois Limited Liability Company, and JOHN DOES 1-20,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, INTRA-LOCK INTERNATIONAL, INC. ("Plaintiff") sues Defendants, JOSEPH CHOUKROUN ("CHOUKROUN"), PROCESS FOR PRF, SARL ("PROCESS"), BOCA DENTAL SUPPLY, LLC ("BDS"), BLUE SKY BIO, LLC ("BLUE SKY"), and JOHN DOES 1-20 and states:

## JURISDICTION AND VENUE

1. This is an action for unfair competition and false advertising arising under the laws of the United States 15 U.S.C. §1125 and the State of Florida.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under federal law.

3. This Court may exercise supplemental jurisdiction over all related state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. Plaintiff, INTRA-LOCK INTERNATIONAL, INC. ("Plaintiff") is a Florida corporation having its principal place of business in this District.

6. CHOUKROUN is an individual subject to the general and specific jurisdiction of this Court by virtue of his continuous, systematic, and substantial presence within this District by committing acts of unfair competition and false advertising in this District, which acts form a substantial part of the transactions, occurrences, events and omissions giving rise to Plaintiff's claims.

6. PROCESS is a French Société à responsabilité limitée with its principal place of business in Nice, France but which does business in and has sufficient contacts with this District.

7. BDS is a Florida Limited Liability Company with its principal place of business in Palm Beach County, Florida.

8. BLUE SKY is an Illinois Limited Liability Company with its principal place of business in Grayslake, Illinois but which does business in and has sufficient contacts with this District.

9. Upon information and belief, JOHN DOES 1-20 are distributors of the products at issue herein but whose identities are unknown to Plaintiff at this time but which will be ascertained through discovery.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

10. Plaintiff is a nationwide leader in the business of manufacturing and selling medical devices including, without limitation, the IntraSpin$^{TM}$ System (the "Device"). A true and correct copy of the product brochure for the Device is attached hereto as Exhibit "1".

11. The Device is a three-step system and protocol for drawing and centrifuging a

2

dental patient's blood, removing the fibrin clot and processing it to form a thin, compressed layer of Platelet Rich Fibrin ("PRF").  The PRF that is formed is strong, pliable and suitable for suturing and can be used by dentists to treat bone defects, for extraction sockets, sinus and dental ridge augmentation, to treat palatal defects, and to treat maxillary bone atrophy.  The PRF is introduced directly into open wounds and directly into the bloodstream.

12. The Device is comprised of the following components:  (1) blood collection material, (2) a centrifuge, and (3) a fabrication kit and instrumentation (collectively, "the Components").

13. Plaintiff sells the Device primarily to dental professionals and has developed substantial goodwill in the limited industry it serves.

14. In the last three years, Plaintiff has spent large sums of money in researching, developing, promoting, advertising, and marketing the Device.  These efforts include obtaining the appropriate clearances from the Food and Drug Administration ("FDA").

15. In particular, the Device is a Class II medical device cleared by the FDA.  A true and correct copy of the FDA clearance letter issued to Plaintiff is attached hereto as Exhibit "2".

16. The Device is a Class II medical device because it is or is substantially equivalent to an automated blood cell separator pursuant to 21 C.F.R. § 864.9245, product code ORG, whose use contemplates both the extraction of whole blood from a donor and the return to the donor of whole blood and blood components.

17. Defendants are in the business of selling products from an unknown origin which compete with Plaintiff's products, including the Device.

18. Rather than sell an item like the Device, which is a complete system, Defendants sell products substantially identical to the Components (the "Competing Components").

19. The Competing Components have not been cleared by the FDA as Class II

3

devices.

20. However, the Competing Components are marketed to their target audience as a complete kit for the assembly of a system to form PRF for use in dental surgery (the "Competing Device"), which competes with the Device.

21. The Competing Device has not been cleared by the FDA as a Class II device.

22. The Competing Components and Competing Device are sold by Defendants in the course of interstate commerce.

23. The Competing Components and Competing Device are marketed by CHOUKROUN and PROCESS through distributors, such as BDS and BLUE SKY, and directly through their website located at http://www.a-prf.com/en/ (the "Website").  A true and correct copy of relevant portions of the Website is attached hereto as composite Exhibit "3".

24. As reflected on the Website, the Competing Components and other products are marketed as a kit (i.e., the Competing Device).  A true and correct copy of an invoice and shipping label for products sold by PROCESS and delivered in this District is attached hereto as Exhibit "4"

25. As further reflected on "Publications" and "Videos" sections of the Website, dental practitioners are instructed on the use of the Competing Device for surgical procedures.

26. Additionally, the Website offers practitioners the opportunity to participate in webinars hosted by CHOUKROUN for advice on performing surgical procedures and ultilization of the Competing Device.

27. A customer purchasing the Competing Device from the Website receives a kit as pictured on the Website along with certain instructional materials, true and correct copies of which are attached hereto as composite Exhibit "5".

28. Similarly, the BDS website further offers education "courses" to promote the

surgical procedure for which PRF is designed.  A true and correct copy of relevant portions of BDS' website is attached hereto as Exhibit "6".

29. The education courses taught on the BDS website are taught by CHAUKROUN in this District and also in Orlando, Florida.

30. The BDS website also offers the Competing Components and Competing Device for sale as an "FDA registered" medical device.

31. Similarly, the BLUE SKY website offers the Competing Components and Competing Device for sale.  A true and correct copy of the product page for the Competing Components and Competing Device from the BLUE SKY website is attached hereto as Exhibit "7".

32. BLUE SKY also offers its potential customers to immediately view a web video of one of CHOUKROUN's webinars in connection with its marketing of the Competing Device. A true and correct copy of an email solicitation from BLUE SKY demonstrating the foregoing is attached hereto as Exhibit "8".

33. The failure of Defendants to obtain the appropriate FDA clearance for the Competing Device poses a significant health concern for dental patients.  The Competing Device can cause patient injury or other failure which, in turn, undermines and erodes physician confidence as a whole in the PRF procedure and the Device.

34. Due to the significant discount at which the Competing Components and/or the Competing Device are sold, Plaintiff has lost numerous sales to Defendant.

35. Plaintiff has lost additional sales to the decreased market confidence caused by Defendants' entrance into the market.

36. Plaintiff is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

37. Defendants' acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from their wrongful actions complained of herein.

38. All conditions precedent to this action have been met or waived.

39. Plaintiff has retained undersigned counsel to represent it in this cause, and as such is obligated to pay reasonable attorneys' fees. Pursuant to the relevant federal and state statutes (i.e., 11 U.S.C. § 1125 and Fla. Stat. § 501.2105), Plaintiff is entitled to an award of attorneys' fees in this action.

## COUNT I
## UNFAIR COMPETITION (15 U.S.C. § 1125)

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 39 above with the same force and effect as if set forth at length herein.

40. Defendants' advertising and/or promotion of the Competing Components for the assembly of the Competing Device without obtaining the appropriate FDA clearance is an unfair and deceptive practice and constitutes unfair competition because such advertising and/or promotion misrepresents the nature, characteristics, and qualities of the competing products and has a tendency to deceive the market served by Plaintiff with respect to the Device.

41. The Competing Device has not received the appropriate FDA clearance and is not subject to appropriate controls, which may cause failure and physical injury and, thus, erode market confidence in the Device.

42. The deception is material in that it is likely to influence a purchasing decision. That is, due to its similarity to the Device, practitioners purchase the Competing Device due to the significant discount provided by Defendants and their mistaken belief that both the Device

and the Competing Device have received appropriate clearances and are safe to form PRF for the treatment of patients.

43. As a result of Defendants' tactics, Plaintiff has not only lost sales directly to Defendants but also to other potential customers who have lost confidence in the Device due to Defendants' actions.

44. The actions of Defendants described above have at all times relevant to this lawsuit been willful and/or knowing.

45. Defendants' unfair competition has caused and will continue to cause damage to the Plaintiff, and is causing irreparable harm to the Plaintiff for which there is no adequate remedy at law.

**WHEREFORE**, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendants, jointly and severally, pursuant to 15 U.S.C. § 1116 preliminarily and permanently enjoining Defendants from any further sale or promotion of the Competing Components and Competing Devices, for damages, costs and fees pursuant to 15 U.S.C. § 1117, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT II
## FALSE AND MISLEADING STATEMENTS (15 U.S.C. § 1125(a)(1)(B))

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 39 above with the same force and effect as if set forth at length herein.

46. Defendants have made false and misleading representations or omissions of fact to customers and potential customers as to Competing Components and Competing Device by

7

suggesting that same have been approved, "registered", or cleared for use by the appropriate administrative authority for use in surgical procedures, in violation of 15 U.S.C. § 1125(a)(1)(B).

47. However, the Competing Device has not received the appropriate FDA clearance and is not subject to appropriate controls, which may cause failure and physical injury and, thus, erode market confidence in the Device.

48. Defendants' advertising and/or promotion of the Competing Components for the assembly of the Competing Device without obtaining the appropriate FDA misrepresents the nature, characteristics, and qualities of the competing products and has a tendency to deceive the market served by Plaintiff with respect to the Device.

49. The deception is material in that it is likely to influence a purchasing decision. That is, due to its similarity to the Device, practitioners purchase the Competing Device due to the significant discount provided by Defendants and their mistaken belief that both the Device and the Competing Device have received appropriate clearances and are safe to form PRF for the treatment of patients.

50. As a result of Defendants' tactics, Plaintiff has not only lost sales directly to Defendants but also to other potential customers who have lost confidence in the Device due to Defendants' actions.

51. The actions of Defendants described above have at all times relevant to this lawsuit been willful and/or knowing.

52. As a direct and proximate result of the actions of Defendants alleged above, Plaintiff has been damaged and will continue to be damaged by Defendants' actions, and such damage is irreparable.

**WHEREFORE**, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendants, jointly and severally, preliminarily and permanently

enjoining Defendants from any further sale or promotion of the Competing Components and Competing Devices, from continuing to make the false or misleading statements alleged above, for damages, costs and fees pursuant to 15 U.S.C. § 1117, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 39 above with the same force and effect as if set forth at length herein.

53. This is a claim for common law unfair competition arising under Florida common law.

54. Defendants' advertising and/or promotion of the Competing Components for the assembly of the Competing Device without obtaining the appropriate FDA clearance is an unfair and deceptive practice and constitutes unfair competition because such advertising and/or promotion misrepresents the nature, characteristics, and qualities of the competing products and has a likelihood to confuse consumers served by Plaintiff with respect to the Device.

55. Upon information and belief, Defendants' violations of Florida unfair competition common law has been willful and deliberate.

56. Defendants' acts have injured Plaintiff in an amount to be proven at trial.

57. By their actions, Defendants have irreparably injured Plaintiff. Such irreparable injury will continue until and unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

**WHEREFORE**, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendants, jointly and severally, preliminarily and permanently

enjoining Defendants from any further sale or promotion of the Competing Components and Competing Devices, costs and fees, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

### COUNT IV
### VIOLATION OF THE FLORIDA DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT (FDUTPA)

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 39 above with the same force and effect as if set forth at length herein.

58.	The acts and practices of Defendants described above constitute deceptive acts or unfair practices, unconscionable acts or practices, and/or unfair competition under FDUTPA. Upon information and belief, these acts and practices were committed knowingly, willfully, intentionally, and with actual awareness of the unfairness of the acts.

59.	As a result of Defendants' deceptive acts and unfair practices, Plaintiff has not only lost sales directly to Defendants but also to other potential customers who have lost confidence in the Device due to Defendants' actions.

60.	As a result of Defendants' deceptive acts and unfair practices, Plaintiff has been injured in an amount to be proven at trial.

**WHEREFORE**, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendants, jointly and severally, preliminarily and permanently enjoining Defendants from any further sale or promotion of the Competing Components and Competing Devices, for damages, costs and fees, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT V
## PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 60 above with the same force and effect as if set forth at length herein.

61. Defendants' acts have irreparably injured Plaintiff. Such injury will continue until and unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law, and injunctive relief is granted under 15 U.S.C. §1116(a).

62. As reflected above and as will be argued at subsequent hearings, there is a likelihood that Plaintiff will succeed on the merits due to the unassailable fact that Defendants are unfairly and deceptively marketing and selling medical devices to consumers in the United States without obtaining appropriate clearances for such sales. Such deception has a tendency to mislead and/or deceive consumers as to the nature and quality of the products being sold.

63. Defendants will not be injured by the issuance of appropriate injunctive relief enjoining the promotion and sale of the Competing Components and Competing Device because the Competing Components and Competing Device have not been cleared for sale in the United States.

64. The issuance of appropriate injunctive relief will promote the public interest because such an injunction would eliminate the significant risk to human health caused by the continued promotion and sale of the Competing Components and Competing Device.

**WHEREFORE**, it is respectfully requested that this Court preliminarily and permanently enjoin Defendants, their principals, agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, from:

A. advertising, promoting, selling or offering to sell the Competing Components and Competing Devices;

B. unfairly competing with Plaintiff in any manner whatsoever;

C. causing a likelihood of confusion or injury to Plaintiff's business reputation; and

D. such other relief and this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  July 14, 2014

Respectfully submitted,

/s/ Robert E. Pershes
Robert E. Pershes, Esquire
Florida Bar No. 301906
Vijay G. Brijbasi, Esquire
Florida Bar No. 15037
**ROETZEL & ANDRESS, LPA**
350 Las Olas Blvd.
Las Olas Centre II, Suite 1150
Fort Lauderdale, FL  33301
Tel.:  (954) 462-4150
Fax:  (954) 462-4260
E-mail: rpershes@ralaw.com