UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80930-CIV-BLOOM/VALLE

INTRA-LOCK INTERNATIONAL, INC., a
Florida corporation,

    Plaintiff,

vs.

JOSEPH CHOUKROUN, an individual;
PROCESS FOR PRF, SARL, a French Société à
responsabilité limitée; BOCA DENTAL SUPPLY,
LLC, a Florida limited liability company; and
JOHN DOES 1-20,

    Defendants.
_____/

**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiff, INTRA-LOCK INTERNATIONAL, INC. ("Plaintiff") sues Defendants, JOSEPH CHOUKROUN ("CHOUKROUN"), PROCESS FOR PRF, SARL ("PROCESS"), and BOCA DENTAL SUPPLY, LLC ("BDS") and states:

**JURISDICTION AND VENUE**

1. This is an action for unfair competition and false advertising arising under the laws of the United States 15 U.S.C. §1125 and the State of Florida.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under federal law.

3. This Court may exercise supplemental jurisdiction over all related state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. Plaintiff, INTRA-LOCK INTERNATIONAL, INC. ("Plaintiff") is a Florida corporation having its principal place of business in this District.

6. CHOUKROUN is an individual subject to the general and specific jurisdiction of this Court by virtue of his continuous, systematic, and substantial presence within this District by committing acts of unfair competition and false advertising in this District, which acts form a substantial part of the transactions, occurrences, events and omissions giving rise to Plaintiff's claims.

7. PROCESS is a French Société à responsabilité limitée with its principal place of business in Nice, France but which does business in and has sufficient contacts with this District.

8. CHOUKROUN is a 92% shareholder of PROCESS and holds himself out as PROCESS' Scientific Director.

9. BDS is a Florida Limited Liability Company with its principal place of business in Palm Beach County, Florida.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

10. Plaintiff is a nationwide leader in the business of manufacturing and selling medical devices including, without limitation, the IntraSpin$^{TM}$ System (the "Device"). A true and correct copy of the product brochure for the Device is attached hereto as **Exhibit "1"**.

11. The Device is a three-step system and protocol for drawing and centrifuging a dental patient's blood, removing the fibrin clot and processing it to form a thin, compressed layer of Platelet Rich Fibrin ("PRF"). The PRF that is formed is strong, pliable and suitable for suturing and can be used by dentists to treat bone defects, for extraction sockets, sinus and dental ridge augmentation, to treat palatal defects, and to treat maxillary bone atrophy. The PRF is introduced directly into open wounds and directly into the bloodstream.

12. The Device is comprised of the following components: (1) blood collection material, (2) a centrifuge, and (3) a fabrication kit and instrumentation (collectively, "the Components").

13. Plaintiff sells the Device primarily to dental professionals and has developed substantial goodwill in the limited industry it serves.

14. In the last three years, Plaintiff has spent large sums of money in researching, developing, promoting, advertising, and marketing the Device. These efforts include obtaining the appropriate clearances from the Food and Drug Administration ("FDA").

15. In particular, the Device is a Class II medical device cleared by the FDA. A true and correct copy of the FDA clearance letter issued to Plaintiff is attached hereto as **Exhibit "2"**.

16. The Device is a Class II medical device because it is or is substantially equivalent to an automated blood cell separator pursuant to 21 C.F.R. § 864.9245, product code ORG, whose use contemplates both the extraction of whole blood from a donor and the return to the donor of whole blood and blood components.

17. Defendants are in the business of selling products from an unknown origin which compete with Plaintiff's products, including the Device.

18. Rather than sell an item like the Device, which is a complete system, Defendants since early 2013 sell products substantially identical in appearance to the Components (the "Competing Components").

19. The Competing Components, have not been cleared by the FDA as Class II devices and are brought into the country designating them as Class I devices although it is known that they are to be used as for or as a Class II devise.

20. However, the Competing Components are falsely advertised and marketed to their

target audience as a complete kit for the assembly of a system to form a PRF clot for use in dental surgery (the "Competing Device"), which competes with the Device.

21. However, due to significant vibration caused by the centrifuge attendant to the Competing Device, the Competing Device actually produces damaged, and/or destroyed cells within the clots, making the clots not suitable, and not forming a proper PRF.

22. The Competing Device has not been cleared by the FDA as a Class II device.

23. The Competing Components and Competing Device are sold by Defendants in the course of interstate commerce.

24. The Competing Components and Competing Device are marketed by CHOUKROUN and PROCESS through distributors, such as BDS, and directly through their website located at http://www.a-prf.com/en/ (the "Website"). A true and correct copy of relevant portions of the Website is attached hereto as composite **Exhibit "3"**.

25. As reflected on the Website, the Competing Components and other products are marketed as a kit (i.e., the Competing Device). A true and correct copy of an invoice and shipping label for products sold by PROCESS and delivered in this District is attached hereto as **Exhibit "4"**

26. As further reflected on "Publications" and "Videos" sections of the Website, dental practitioners are instructed on the use of the Competing Device for surgical procedures.

27. Additionally, the Website offers practitioners the opportunity to participate in webinars hosted by CHOUKROUN for advice on performing surgical procedures and utilization of the Competing Device.

28. A customer purchasing the Competing Device from the Website receives a kit as pictured on the Website along with certain instructional materials, true and correct copies of

4

which are attached hereto as composite **Exhibit "5"**.

29. Similarly, the BDS website further offers education "courses" to promote the surgical procedure for which PRF is designed. A true and correct copy of relevant portions of BDS' website is attached hereto as **Exhibit "6"**.

30. The education courses taught on the BDS website are taught by CHOUKROUN in this District and also in Orlando, Florida.

31. The BDS website also offers the Competing Components and Competing Device for sale as an "FDA registered" medical device.

32. CHOUKROUN, on his own behalf and for the benefit of PROCESS and its distributors (such as BDS) promotes and markets the Competing Device through various lectures, seminars, and trade shows in Florida and nationwide. At these seminars, CHOUKROUN instructs dental professionals on surgical procedures and recommends the Competing Device to participants.

33. As the controlling shareholder of PROCESS, CHOUKROUN, individually, stands to reap a benefit from any Competing Device sold by PROCESS or its distributors.

34. The lack of any efficacy for the alleged PRF produced by the Competing Device and failure of Defendants to obtain the appropriate FDA clearance for the Competing Device poses a significant health concern for dental patients. The Competing Device can cause patient injury or other failure which, in turn, undermines and erodes physician confidence as a whole in the PRF protocol and the Device.

35. The false respresentations are material as it goes to the reason for purchase of the product influencing the purchasing decision as to the Competing Components and/or the Competing Device, and causing Plaintiff loss of numerous sales to Defendants.

36. Plaintiff has lost additional sales to the decreased market confidence caused by Defendants' entrance into the market.

37. Plaintiff is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

38. Defendants' acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from their wrongful actions complained of herein.

39. All conditions precedent to this action have been met or waived.

40. Plaintiff has retained undersigned counsel to represent it in this cause, and as such is obligated to pay reasonable attorneys' fees. Pursuant to the relevant federal and state statutes (i.e., 11 U.S.C. § 1125 and Fla. Stat. § 501.2105), Plaintiff is entitled to an award of attorneys' fees in this action.

## COUNT I
## UNFAIR COMPETITION (15 U.S.C. § 1125)

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 40 above with the same force and effect as if set forth at length herein.

41. On information and belief, Defendants PROCESS and BDS advertise and/or promote the Competing Components for the assembly of the Competing Device in commercial advertising for the production of proper PRF or product suitable for use in dental surgery and as not requiring an appropriate FDA clearance. These statements are false and misrepresent the nature and characteristics of the Competing Device, which does not produce a proper PRF or product suitable for use in dental surgery and which, in fact, requires Class II clearance from the FDA due its intended use in surgery. Such actions are unfair and deceptive practices and

6

constitutes unfair competition because such advertising and/or promotion is false and misrepresents the nature, characteristics, and qualities of the competing products and has a tendency to deceive and deceives the market served by Plaintiff with respect to the Device.

42. On information and belief Defendant CHOUKROUN on his own behalf, receives lucrative payments for lectures within Florida and other States, falsely represents to potential purchasers that the Competing Device produces a proper PRF or product suitable for use in dental surgery, does not require FDA clearance, and that it has received other international approvals when in fact no such clearance or approvals have been given to the Competing Device. The Competing Device does not produce PRF or product suitable for use in dental surgery and does require Class II clearance from the FDA due to its intended use for surgery. In his commercial promotions, CHOUKROUN falsely represents the nature and characteristics of the Competing Device, causing damage to Plaintiff.

43. The Competing Device may cause failure and physical injury and, thus, erode market confidence in the Device, thereby damaging Plaintiff.

44. The deception is material in that it is likely to influence a purchasing decision. That is, due to its similarity to the Device, practitioners purchase the Competing Device due to their mistaken belief that both the Device and the Competing Device produce an equivalent PRF clot, have received appropriate clearances, and that both are safe to form PRF for the treatment of patients.

45. On information and belief, Defendant CHOUKROUN, acting on his own behalf as a lecturer and on the internet, falsely advertises the Competing Device for the production of PRF suitable for dental surgery and misleads potential purchasers regarding the necessity of regulatory clearances. Such representations are false and deceptive, and likely to and do cause

confusion, cause mistake or deceive a purchaser regarding the efficacy of the PRF produced by the Competing Device and the clearance of such Competing Device by the FDA, effecting the purchasing decision.

46. As a result of Defendants' tactics, Plaintiff has not only lost sales directly to Defendants but also to other potential customers who have lost confidence in the Device due to Defendants' actions.

47. The actions of Defendants described above have at all times relevant to this lawsuit been willful and/or knowing.

48. Defendants' unfair competition has caused and will continue to cause damage to the Plaintiff, and is causing irreparable harm to the Plaintiff for which there is no adequate remedy at law.

WHEREFORE, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendants, jointly and severally, pursuant to 15 U.S.C. § 1116 preliminarily and permanently enjoining Defendants from any further sale or promotion of the Competing Components and Competing Devices, for damages, costs and fees pursuant to 15 U.S.C. § 1117, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT II
## FALSE AND MISLEADING STATEMENTS (15 U.S.C. § 1125(a)(1)(B))

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 47 above with the same force and effect as if set forth at length herein.

49. Defendants have made false and misleading representations or omissions of fact to customers and potential customers as to Competing Components and Competing Device by suggesting that same produce PRF suitable for dental surgery and either have or do not require

necessary regulatory and/or administrative approvals and clearances for use in surgical procedures, in violation of 15 U.S.C. § 1125(a)(1)(B).

50. However, the Competing Device does not produce a proper PRF, or equivalent product, suitable for dental surgery, has not received the appropriate administrative and regulatory (including FDA) clearances and is not subject to appropriate controls, which may cause failure and physical injury and, thus, erode market confidence in the Device.

51. Defendants' advertising and/or promotion of the Competing Components for the assembly of the Competing Device, which does not produce a proper PRF, or equivalent product, suitable for dental surgery, and without obtaining the appropriate FDA clearance, falsely represents the nature, characteristics, and qualities of the competing products having a tendency to deceive the market and impact its buying decisions with respect to the Device.

52. The deception is material in that it is likely to and does influence a purchasing decision. That is, due to the deception of the Competing Device, practitioners purchase the Competing Device due to their mistaken belief that both the Device and the Competing Device are effective and safe to form PRF for the treatment of patients and have received appropriate clearances.

53. As a result of Defendants' false advertising, Plaintiff has not only lost sales directly to Defendants but also to other potential customers who have lost confidence in the Device due to Defendants' actions.

54. The actions of Defendants described above have at all times relevant to this lawsuit been willful and/or knowing.

55.     As a direct and proximate result of the actions of Defendants alleged above, Plaintiff has been damaged and will continue to be damaged by Defendants' actions, and such damage is irreparable.

WHEREFORE, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendants, jointly and severally, preliminarily and permanently enjoining Defendants from any further sale or promotion of the Competing Components and Competing Devices, from continuing to make the false or misleading statements alleged above, for damages, costs and fees pursuant to 15 U.S.C. § 1117, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 47 above with the same force and effect as if set forth at length herein.

56.     This is a claim for common law unfair competition arising under Florida common law.

57.     Defendants' advertising and/or promotion of the Competing Components for the assembly of the Competing Device, which does not form a proper PRF or product suitable for dental surgery ,and without obtaining the appropriate FDA clearance is an unfair and deceptive practice and constitutes unfair competition because such advertising and/or promotion misrepresents the nature, characteristics, and qualities of the competing products and has a likelihood to confuse consumers served by Plaintiff with respect to the Device.

58.     Upon information and belief, Defendants' violations of Florida unfair competition common law has been willful and deliberate.

59.     Defendants' acts have injured Plaintiff in an amount to be proven at trial.

60. By their actions, Defendants have irreparably injured Plaintiff. Such irreparable injury will continue until and unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

WHEREFORE, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendants, jointly and severally, preliminarily and permanently enjoining Defendants from any further sale or promotion of the Competing Components and Competing Devices, costs and fees, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT IV
## VIOLATION OF THE FLORIDA DECEPTIVE
## AND UNFAIR TRADE PRACTICES ACT (FDUTPA)

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 47above with the same force and effect as if set forth at length herein.

61. The acts and practices of Defendants described above constitute deceptive acts or unfair practices, unconscionable acts or practices, and/or unfair competition under FDUTPA. Upon information and belief, these acts and practices were committed knowingly, willfully, intentionally, and with actual awareness of the unfairness of the acts.

62. As a result of Defendants' deceptive acts and unfair practices, Plaintiff has not only lost sales directly to Defendants but also to other potential customers who have lost confidence in the Device due to Defendants' actions.

63. As a result of Defendants' deceptive acts and unfair practices, Plaintiff has been injured in an amount to be proven at trial.

WHEREFORE, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendants, jointly and severally, preliminarily and permanently enjoining Defendants from any further sale or promotion of the Competing Components and Competing Devices, for damages, costs and fees, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT V
## PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 63 above with the same force and effect as if set forth at length herein.

64. Defendants' acts have irreparably injured Plaintiff. Such injury will continue until and unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law, and injunctive relief is granted under 15 U.S.C. §1116(a).

65. As reflected above and as will be argued at subsequent hearings, there is a likelihood that Plaintiff will succeed on the merits due to the unassailable fact that Defendants are unfairly and deceptively marketing and selling medical devices to consumers in the United States. Such deception has a tendency to mislead and/or deceive consumers as to the nature and quality of the products being sold.

66. Defendants will not be injured by the issuance of appropriate injunctive relief enjoining the promotion and sale of the Competing Components and Competing Device because the Competing Components and Competing Device have not been cleared for sale in the United States.

67. The issuance of appropriate injunctive relief will promote the public interest because such an injunction would eliminate the significant risk to human health caused by the continued promotion and sale of the Competing Components and Competing Device.

WHEREFORE, it is respectfully requested that this Court preliminarily and permanently enjoin Defendants, their principals, agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, from:

A. advertising, promoting, selling or offering to sell the Competing Components and Competing Devices;

B. unfairly competing with Plaintiff in any manner whatsoever;

C. causing a likelihood of confusion or injury to Plaintiff's business reputation; and

D. such other relief and this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Robert E. Pershes_____
Robert E. Pershes, Esq.
Florida Bar No. 0301906
**Perkins Pershes, PLLC**
3839 NW Boca Raton Blvd., Suite 200
Boca Raton, Florida 33431
Tel: (561) 910-8923
Fax: (561) 423-3989
E-mail: rpershes@perkinspershes.com

/s/ Vijay G. Brijbasi_____
Vijay G. Brijbasi, Esq.
Florida Bar No. 15037

CASE NO. 14-80930-CIV-BLOOM/VALLE

**ROETZEL & ANDRESS, LPA**
350 Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301
Tel.: (954) 759-2731
Fax: (954) 462-4260
E-mail: vbrijbasi@ralaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF*. I also certify that the foregoing is being served this day upon all counsel of record or *pro se* parties identified in the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by *CM/ECF* or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

| | |
|---|---|
| Michael S. Olin, Esq. | Carlos A. Velasquez, Esq. |
| Alaina Fotiu-Wojtowicz, Esq. | Alejandro Larrazabal, Esq. |
| Michael S. Olin, P.A. | Velasquez Dolan Arias, P.A. |
| Alfred I. DuPont Building, Suite 1224 | Boca Dental Supply, LLC |
| 169 East Flagler Street | 101 N. Pine Island Road, Suite 201 |
| Miami, FL 33131 | Plantation, FL 33324 |
| afw@olinlawfirm.com | CVelasquez@VDATrialLawyers.com |
| molin@olinlawfirm.com | Alarrazabal@VDATrialLawyers.com |
| *Counsel for Choukroun and Process for PFR, SARL* | *Counsel for Boca Dental Supply, LLC* |
| ***Via CM/ECF*** | ***Via CM/ECF*** |

/s/ Vijay G. Brijbasi_____
Vijay G. Brijbasi, Esq.
Florida Bar No. 15037

14

9462068 _1 124717.0025